UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
UNITED STATES OF AMERICA          )
                                              )
v.                                            )          CRIMINAL NO. 17-10075-MLW
                                              )
STEPHAN KULJKO                       )
       Defendant                          )
_____)

MEMORANDUM IN SUPPORT
OF MOTION TO SUPPRESS EVIDENCE

The Defendant Kuljko submits this memorandum in support of his Motion to Suppress

Evidence.  Defendant seeks suppression of evidence seized as a result of searches and seizures of

his iPhones and laptop, and motor vehicles at storage facilities located at 7005 Krick Road,

Bedford, Ohio, all in violation of Defendant's rights under the Fourth Amendment to the

Constitution.

Statement of Underlying Facts

On March 28, 2017, FBI Special Agent David L. O'Connor ("SA O'Connor") submitted

an Application For A Search Warrant to a Magistrate Judge in Ohio to search the premises at

3132 Englewood Drive, Stowe, Ohio (the "Premises").  See Application For A Search Warrant

and Affidavit In Support Of An Application For A Search Warrant, submitted herewith

(Affidavit In Support of Motion To Suppress Evidence, Exhibit #1).  The application sought a

warrant, *inter alia*, to "seize evidence, fruits, and instrumentalities of wire fraud, mail fraud, and

conspiracy to commit wire fraud", and "[c]ellular phones, including the cell phone assigned

phone number (330) 962-0303."  See Exhibit #1, Attachment B.  The application specifically did

"not seek authority to search the contents of any cellular phone or computer", but only to "seize these devices."  See Exhibit #1 at page 20.

The Magistrate Judge issued the Search and Seizure Warrant, as requested by SA O'Connor, and, on March 29, 2017, the warrant was executed.  See Affidavit In Support of Motion To Suppress Evidence, Exhibit #2.  The law enforcement agents executing the warrant seized, *inter alia,* "1) IPhone 6S Plus with charger; Model A1784 Gold color; 2) IPhone 6S Plus with black case: Model A1784 Pink color; 3) HP Laptop: Model 15-F215DX."  See "Return", Exhibit #2.  On the same day the search warrant was executed, the Defendant was arrested, taken before a Magistrate Judge and released.

On January 12, 2018, FBI Special Agent Kevin McCusker ("SA McCusker") applied for and was issued a warrant to search the contents of the laptop computer and iPhones seized on March 29, 2017.  See Affidavit In Support Of Motion To Suppress Evidence, Exhibits #3 and #4. The searches were conducted on January 18, 2018, and the returns made to the Court on April 11, 2018.  See Exhibit #4.

Based in part on information obtained as a result of the search of the iPhones, SA McCusker applied for and was issued warrants on June 4, 2018, for the search and seizure of evidence at Units B and D at 7005 Krick Road, Bedford, Ohio.  See Affidavit In Support of Motion To Suppress Evidence, Exhibits #5 and #6. The warrants authorized the seizure of "[m]otor vehicles, including but not limited to the motor vehicles more particularly described in Attachments A-1 and A-2 . . . ."  See Exhibit #6.  On June 5, 2018, law enforcement agents executed the warrants and seized motor vehicles, including ten vehicles that were not described in the warrant.  See Exhibit #6.

<u>Argument</u>

The search and seizures in this case violated the Fourth Amendment's "requirement that warrants shall particularly describe the things to be seized . . . ." *Marron v. United States,* 275 U.S. 192, 196 (1927).  The searches of the cell phones and laptop, furthermore, were "unreasonable" under the Fourth Amendment because of the Government's failure to "diligently obtain[  ] a warrant" authorizing the searches.  *United States v. Laist,* 702 F. 3d 608, 616 (11th Cir. 2012).

<u>Particularity</u>

The Fourth Amendment provides that "no warrant shall issue, but upon probable cause . . . and particularly describing the place to be searched and the persons or things to be seized."  The "particularlity" requirement "makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another.  As to what is to be taken, nothing is left to the discretion of the officer executing the warrant."  *Marron v. United States,* 275 U.S. at 196.

The warrant authorizing the seizure of cellphones on March 29, 2017, was overbroad and resulted in the seizure of the iPhones found on the premises in contravention to the Fourth Amendment's proscription against general warrants.  The Affidavit In Support of the Application For a Search Warrant included information that a co-conspirator (Kryk) had communicated with Defendant on numerous occasions on a particular cell phone number traced to Defendant.  <u>See</u> Exhibit #1 at pages 14, 16.  There was no information or reason to believe that any communications were conducted on any other cell phone.  Nonetheless, the agents seized two iPhones, neither of which was identified as having been related to the cell phone number allegedly used by Defendant.  The warrants and the seizures of all cell phones were

constitutionally impermissible in their failure to satisfy the particularity requirement of the Fourth Amendment. See *United States v. Roche,* 614 F. 2d 6, 8 (1st Cir. 1980) (generic description of items to be seized did not satisfy Fourth Amendment); *United States v. Klein,* 565 F. 2d 183, 190 (1st Cir. 1977) (failure to provide guidance to distinguish illegitimate contraband presents "a substantial and unjustifiable likelihood of a violation of personal rights.")

Similarly, the warrant authorizing the search of the contents of two cell phones seized on March 29, 2017, was overbroad and not based on probable cause. Cf. *Maryland v. Garrison,* 480 U.S. 79, 84 (1987) (probable cause and particularity requirements work together to limit scope of government searches). Again, there was no specificity provided for the search of either iPhone, or the contents of the iPhones to be "seized". Compare *United States v. Wurie,* 728 F. 3d 1, 8 (1st Cir. 2013) (cell phones "do much more than make phone calls"; they store information of a "highly personal nature").

The third set of warrants issued for the seizure of motor vehicles on June 5, 2018, were based on information obtained as a result (in significant measure) of the unlawful search of the contents of the iPhones. Suppression is warranted on that basis alone. See *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963). In addition, the warrants were overbroad and resulted in the seizure of numerous vehicles that had not been itemized in the warrants. The government agents were thus able to engage in the unfettered discretion to seize property, regardless of its link to illegal conduct that the Fourth Amendment proscribes. See *United States v. Fucillo*, 808 F. 2d 173, 175-77 (1st Cir. 1987) (failure to limit seizures to illegal contraband and to "specify as nearly as possible the distinguishing characteristics of the goods to be seized", renders seizures invalid).

4

<u>Reasonableness</u>

The Fourth Amendment requires that even assuming the lawful seizure of an item, law enforcement agents "must obtain a search warrant [to search the item] within a reasonable period." *United States v. Burgard*, 675 F. 3d 1029, 1032 (7th Cir. 2012). "[A] seizure reasonable at its inception because based on probable cause may become unreasonable as a result of its duration." *Segura v. United States,* 468 U.S. 796, 812 (1984). "Once government agents establish probable cause, this accordingly triggers the obligation to diligently pursue an authorization to search the property." *United States v. Burgard,* 675 F. 3d at 1032 [citation omitted].

In this case, assuming *arguendo* that the Government lawfully seized the iPhones and laptop on March 29, 2017, the delay until January 12, 2018, in seeking a search warrant was "unreasonable" and in violation of the Fourth Amendment. While the warrant that was issued on March 28, 2017, authorized the seizure of cell phones, it explicitly did not include a search of the contents. Of course, the cell phones seized had no evidentiary significance, apart from their contents, and a search of the contents required a separate warrant. <u>See</u> *Riley v. California*, 134 S. Ct. 2473, 2493-4 (2014); *United States v. Wurie,* 728 F. 3d at 13.

The delay of over nine months in securing a warrant for the cell phone search far exceeded what courts have considered "reasonable". <u>See</u> *United States v. Burgard*, 675 F. 3d at 1035 (six day delay in securing warrant not so unreasonable as to violate the Constitution, where agent "wanted to be sure that he had all the information he needed from the seizing officer and he wanted to consult with AUSA, all the while attending to his other law enforcement duties.");

*United States v. Laist,* 702 F. 3d at 616 (25 day delay in obtaining warrant to search computer was not unreasonable where defendant consented to seizure, and agents diligently pursued investigation); compare, *United States v. Mitchell*, 565 F. 3d 1347, 1351 (11th Cir. 2009) (twenty-one day delay in seeking warrant to search computer was unreasonable, where government offered no justification for delay).

Conclusion

In summary, the Court should suppress evidence derived from the unlawful searches and seizure of cell phones from 3132 Englewood Drive, Stowe, Ohio; the subsequent "unreasonable" and unconstitutional search of the contents of the cell phones; and the unconstitutional seizure of motor vehicles.  The searches and seizures violated the Fourth Amendment's "particularity" requirement, and with respect to the search of the cell phone contents, the requirement that the government agents act without unreasonable delay in securing a warrant.

DEFENDANT

Dated:  January 22, 2019                    By his attorney,

/s/*John F. Palmer*
John F. Palmer
Law Office of John F. Palmer
8 Faneuil Hall Marketplace
North Building, Third Floor
Boston, MA 02109
BBO# 387980

<b><u>CERTIFICATE OF SERVICE</u></b>

I, John F. Palmer, hereby certify that this document, filed through the ECF system, will be electronically sent to the registered participants as identified on the Notice of Electronic Filing

(NEF), and that papers will be sent to all non-registered participants who have appeared in this case.               */s/John F. Palmer*