```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
       v.                      )     Cr. No. 17-10075-MLW
                               )
STEPHAN KULJKO,                )
     Defendant.                )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        October 6, 2022

I. INTRODUCTION

Defendant Stephan Kuljko has filed two identical renewed motions for return of property (Dkt. Nos. 369 and 370) (collectively, the "Motions") seeking return of two cell phones that were seized during his arrest in 2017. Kuljko also filed a request for a hearing on the Motions (Dkt. No. 371). The government opposes the Motions. See Dkt. No. 372. For the reasons described below, the court lacks jurisdiction over the Motions, is denying Kuljko's request for a hearing, and is denying the Motions without prejudice to refiling in the proper venue.

II. BACKGROUND

On March 28, 2017, a grand jury in the District of Massachusetts indicted Kuljko on five counts of wire fraud in violation of 18 U.S.C. §1343, see Indictment (Dkt. No. 3), and Magistrate Judge David Hennessey issued an arrest warrant, see Dkt. No. 5. Kuljko was arrested on March 29, 2017 in the Northern District of Ohio. On the same day, two cell phones and a laptop

1

computer were seized from Kuljko's residence in Stow, Ohio. See Application for Search Warrant (Dkt. No. 99-4); Search and Seizure Warrant (Dkt. No. 99-5). These items were seized pursuant to search warrants issued in the Northern District of Ohio. See Application for Search Warrant (Dkt. No. 99-2); Search and Seizure Warrant (Dkt. No. 99-3). At trial before this court, the government presented evidence extracted from the cell phones, including text messages with bank account information, data reflecting phone calls between Kuljko and an accomplice, and copies of money transfer documents used to receive funds from victims. See Gov. Opp'n to Renewed Mot. to Return Property (Dkt. No. 372) at 2.

On August 20, 2019, a jury found Kuljko guilty on four counts of wire fraud and one count of obstruction of justice. See Jury Verdict (Dkt. No. 250). The court sentenced Kuljko to 156 months in custody followed by 36 months of Supervised Release and ordered him to pay $2,772,160.20 in restitution. See Amended Judgment (Dkt. No. 296).

Prior to sentencing, on October 23, 2019, Kuljko filed a motion for return of property, seeking the return of the laptop and two cell phones that were seized when he was arrested. See Dkt. No. 263. He sought their return from the custody of the U.S. Attorney because they contained personal information. Id. Kuljko also filed as an exhibit an email from the Assistant U.S. Attorney stating that "[i]f you want to get [the computer and phones] back

2

sooner than later, we could maybe come to an agreement were [sic] you would agree to have the FBI images the phones and computer (and not contest authentication at trial) and after they're imaged, we could return them." See Dkt. No. 266.

The government opposed the motion as to the two cell phones, which contained evidence and served as evidence themselves at trial. See Gov. Opp'n to Mot. to Return Property (Dkt. No. 269) at 2. The government argued that it was entitled to maintain the phones as evidence pending a potential appeal or a 28 U.S.C. §2255 petition. Id. It also argued that the phones contained contraband and instrumentalities of the fraud. Id. The government agreed to return the laptop because it was not used as evidence at trial and did not contain contraband. Id. The laptop was returned. See Sentencing Hr'g Tr. (Dkt. No. 326) at 81:5-6. At the sentencing hearing, the government further argued that going through the phone and making individualized determinations about what could be preserved would be unduly burdensome. Id. at 81:16-23. It also addressed the email submitted by Kuljko, argued that return of the phone was a "possibility" contingent on not contesting authentication, and noted that "the Defendant stipulated to practically nothing at trial despite our repeated requests." Id. at 82:14-20.

The court denied the motion without prejudice because "[i]t's been signaled the Defendant will appeal. While we all strive to

3

give the Defendant a fair trial, and I think succeeded, if the case is reversed, it will be necessary to go to trial again and the phones may be needed as evidence." Id. at 82:21-83:1; see also Dkt. No. 288. As predicted, Kuljko appealed his conviction and sentence on November 25, 2019. See Notice of Appeal (Dkt. No. 297). On June 15, 2021, the First Circuit affirmed his conviction and sentence. See First Circuit Judgment (Dkt. No. 367).

On December 8, 2021, Kuljko filed the first renewed motion for return of property. See Dkt. No. 369. He argued that the phones were no longer needed as evidence because he had exhausted all of his appellate rights. Id. On March 28, 2022, Kuljko filed an identical renewed motion for return of property, see Dkt. No. 370, and a request for a hearing on the motion, see Dkt. No. 371.

On April 7, 2022, the government filed an opposition to defendant's renewed motion for return of property. See Dkt. No. 372. The government makes six main arguments: (1) Kuljko is imprisoned with a release date in September 2030 and cannot possess a personal cell phone; (2) defense counsel already has the contents of the phone and can provide the requested information (e.g., photographs and contacts) to Kuljko; (3) the government has offered to have FBI personnel perform a limited search for information described by Kuljko; (4) the phones contain personally identifiable information of others, including email account identifiers and bank account information; (5) Kuljko misinterprets

4

the email exchange regarding the potential return of the phones; and (6) the phones are instrumentalities of Kuljko's crimes, they contain fruits of the fraud, and constitute contraband. Id. at 4-9.

   III. DISCUSSION

   Federal Rule of Criminal Procedure 41(g) provides that:

   [a] person aggrieved by an unlawful search and seizure
   of property or by the deprivation of property may move
   for the property's return. The motion must be filed in
   the district where the property was seized. The court
   must receive evidence on any factual issue necessary to
   decide the motion. If it grants the motion, the court
   must return the property to the movant, but may impose
   reasonable conditions to protect access to the property
   and its use in later proceedings.

Rule 41(g) clearly states that a motion for return of property "must be filed in the district where the property was seized." See United States v. Morales-Ramirez, 502 F. App'x 784, 786-87 (10th Cir. 2012); United States v. Smith, 253 F. App'x 242, 243 (3d Cir. 2007). A Rule 41(g) motion filed in a district other than where the property was seized may be denied for want of jurisdiction. See Morales-Ramirez, 502 F. App'x at 785-87.

   The Motions do not make reference to Rule 41(g), but the court finds that Rule 41(g) is the relevant legal standard. Although Kuljko's arrest warrant was issued by the District of Massachusetts and his case was adjudicated here, the cell phones were seized in Stow, Ohio pursuant to a search warrant issued by a court in the Northern District of Ohio. The text of Rule 41(g) requires that

any motion for the return of the cell phones be filed in the Northern District of Ohio. Although neither party raised this issue, the location of the seizure is not in dispute. The government specifically notes that the cell phones were seized from Kuljko's residence in Stow. See Gov. Opp'n to Renewed Mot. to Return Property at 2. In his original motion for the return of property, Kuljko also noted that the cell phones were seized at the time of his arrest, see Dkt. No. 263, which was also executed in Stow. Therefore, this court does not have jurisdiction to order the return of the property. Accordingly, the Motions should be denied.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Kuljko's Request for Hearing (Dkt. No. 371) is DENIED.

2. Kuljko's Renewed Motion for Return of Property (Dkt. No. 369) and second Renewed Motion for Return of Property (Dkt. No. 370) are DENIED without prejudice to refiling in the Northern District of Ohio.

                                                    UNITED STATES DISTRICT JUDGE